**Opinion filed December 15, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00349-CR

_____

## NATHAN LANDIN GONZALEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 13-7338**

## M E M O R A N D U M   O P I N I O N

A grand jury indicted Nathan Landin Gonzalez[1] of possession of methamphetamine in an amount of less than one gram in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010), § 481.134(d) (West Supp. 2016). After the trial court denied his motion to suppress, Appellant pleaded guilty to the charge of possession of methamphetamine in an amount of less than one gram.

---

[1]We note that Appellant's name is spelled "Nathan Landan Gonzales" in the indictment; however, during the plea hearing, Appellant told the trial court that his name was spelled "Nathan Landin Gonzalez," and the trial court corrected "Landan" to "Landin" and "Gonzales" to "Gonzalez" in the order of deferred adjudication.

Pursuant to a plea agreement, the State dropped the enhancement for possession of a controlled substance in a drug-free zone, and the trial court deferred the adjudication of Appellant's guilt. The trial court placed Appellant on deferred adjudication community supervision for a term of four years and ordered Appellant to pay a fine in the amount of $1,500 and to pay restitution, jointly and severally with Stanley Lee Williams,[2] in the amount of $140. In his sole issue on appeal, Appellant contends that the trial court abused its discretion when it denied his motion to suppress. We affirm.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). When the trial court does not make explicit findings of historical facts, we review the evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Id.* We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*

At the suppression hearing, Sergeant Mark L. Sanchez of the Lamesa Police Department testified that he received a call from dispatch around 11:20 p.m. regarding a "loud-music complaint" near the area that he was patrolling. Dispatch did not provide any details regarding the complaint, such as whether the noise was

---

[2]Williams was the driver of the vehicle of which Appellant was a passenger at the time of the traffic stop at issue in this case. Both Appellant and Williams were arrested for possession of drug paraphernalia and possession of a controlled substance found as a result of the stop, and both filed motions to suppress any evidence discovered during the stop. The trial court heard and denied both Appellant's motion to suppress and Williams's motion to suppress in the same hearing. Williams has also filed an appeal in this court in which he challenges the trial court's denial of his motion to suppress for the same reasons addressed in this opinion. We have on this day issued a separate opinion in Cause No. 11-14-00348-CR in which we have affirmed Williams's conviction for possession of methamphetamine in a drug-free zone arising out of the same incident at issue in this appeal.

coming from a residence or a vehicle or who made the complaint. Initially, he did not hear any loud music around him; he was in a marked patrol vehicle and was parked with his lights off. He heard loud music coming from a source that appeared to be approaching his location. Shortly thereafter, he witnessed a vehicle being driven past him, and there was loud music coming from the vehicle. Williams was driving the vehicle, and Appellant was a passenger. Sergeant Sanchez did not see Williams or Appellant commit any other violations. He initiated a traffic stop based on the noise; he believed that Appellant and Williams were in violation of a city ordinance. Specifically, he believed that the loud music coming from Williams's vehicle "disturb[ed] the peace at that hour of the night." The traffic stop led to the discovery of a Ziploc baggie that contained methamphetamine. The methamphetamine was found during a search of the vehicle after Sergeant Sanchez saw a pipe, "commonly used to smoke mari[h]uana," in plain view in the center cup holder. Both Appellant and Williams were arrested for possession of drug paraphernalia and for possession of a controlled substance.

Appellant did not testify at the suppression hearing; however, Williams testified that he was playing music in his vehicle but that he did not believe that it was loud or that he was disturbing the peace. On cross-examination, Williams explained that he had an Alpine stereo with custom speakers and a subwoofer. He conceded that the music could be heard from outside the car even when the windows were "rolled up."

Appellant argues that Sergeant Sanchez did not have reasonable suspicion to stop him and Williams because Sergeant Sanchez could not have reasonably concluded that they were violating the city noise ordinance. Appellant contends that there was no nexus between the calls from dispatch and Williams's vehicle. The State argues that, regardless of whether Appellant and Williams were actually in violation of the noise ordinance, Sergeant Sanchez was in possession of specific

3

articulable facts that supported a reasonable suspicion that a violation was in progress or had been committed.

A temporary detention is lawful when it is supported by reasonable suspicion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). Reasonable suspicion exists "when the detaining officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity." *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); *see also Terry v. Ohio,* 392 U.S. 1, 21 (1968) ("[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."). In determining whether reasonable suspicion exists, we consider the totality of the circumstances under an objective standard. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The subjective intentions or motives of the officer are irrelevant to the determination. *Id.* Thus, we look to see whether the facts available to the officer at the moment of the detention would warrant a reasonably prudent officer to believe that the detention was appropriate. *Terry*, 392 U.S. at 22.

Section 8.02.001 of the Code of Ordinances for the City of Lamesa provides the following:

> It shall be unlawful for any person to knowingly or wantonly use or operate or cause to be used or operated any mechanical or electrical device, machine, apparatus, or instrument which causes or produces any sound or noise which is reasonably calculated to disturb the peace and good order of the neighborhood or the persons owning, using or occupying property within the city.[3]

Sergeant Sanchez testified that he believed that the music was loud and that it was disturbing the peace. He believed that Appellant and Williams were in violation

---

[3]LAMESA, TEX., CODE OF ORDINANCES ch. 8, art. 8.02, § 8.02.001 (1998), http://z2codes.franklinlegal.net/franklin/Z2Browser2.html?showset=lamesaset.

of the city noise ordinance and, therefore, initiated a traffic stop. During the suppression hearing, defense counsel argued that the call from dispatch was unreliable because it did not contain specific information to link the complaint to Williams's vehicle and because Sergeant Sanchez did not hear the music from Williams's vehicle until approximately five minutes after the call. However, Sergeant Sanchez did not detain Appellant and Williams based solely on the call from dispatch. He was in the area because of the call from dispatch, but he detained Appellant and Williams because he believed, based on personal knowledge, that they were disturbing the peace by playing loud music at night.

The facts available to Sergeant Sanchez at the moment of the detention would warrant a reasonably prudent officer to believe that Appellant and Williams were knowingly operating a stereo to produce a "sound or noise which [wa]s reasonably calculated to disturb the peace." Sergeant Sanchez testified to specific articulable facts that supported a belief that Appellant and Williams were in violation of the city ordinance; therefore, he had reasonable suspicion to detain Appellant and Williams. Therefore, we hold that the trial court did not err when it denied Appellant's motion to suppress. We overrule Appellant's sole issue on appeal.

We affirm the order of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE

December 15, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5